**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation. | MDL No. 2039-DGC |
| Rhonda Sharp; and April McHale, | Member Case No. CV-09-1409-PHX-DGC only |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sepracor Inc., | |
| Defendant. | |

Plaintiffs Rhonda Sharp and April McHale filed a complaint alleging that Defendant Sepracor Inc. failed to pay Plaintiffs overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Dkt. #1. The parties have filed a joint motion to approve settlement and to dismiss claims with prejudice (Dkt. #21) and a joint motion to file settlement agreement under seal (Dkt. #22). For reasons that follow, the Court will deny the motion to seal and take the motion to approve settlement and dismiss claims under advisement.

**I.    Motion to File Settlement Agreement Under Seal.**

The parties assert that the entire proposed settlement agreement (Dkt. #23) should remain sealed because it "contains confidential, personal information of the parties" and confidentiality "is an integral part of the overall settlement[.]" Dkt. #22 at 2. A "'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d

1106, 1115 (9th Cir. 2009) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). In particular, documents attached to dispositive motions are governed by the compelling reasons standard. *See Foltz*, 331 F.3d at 1136. This higher standard applies because the resolution of a dispute "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

Because approval of the proposed settlement will be dispositive, the compelling reasons standard set forth in *Kamakana* applies to the parties' motion to seal. *See White v. Sabatino*, Civ. Nos. 04-00500 ACK/LEK, 05-00025 ACK/LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007) (applying compelling reasons standard to motion to set aside settlement agreement). "Under the [*Kamakana*] 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos*, 565 F.3d at 1116.

The instant motion does not meet (or even recognize) the compelling reasons standard. This deficiency is significant given that "there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008); *see Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("The document at issue here, a settlement agreement entered as a stipulated judgment, is not only dispositive of the adjudication and thus falls on the end of the continuum for which the presumption [of openness] is stronger, it is an FLSA wage-settlement agreement between an employee and an employer for [] which the presumption is strongest.") (citation omitted). The fact that the parties' agreement "contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Prater*, 2008 WL 5140045, at *10; *see Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-

JGG, 2007 WL 1017577, at *1 (M.D. Fla. Apr. 2, 2007) ("In the case of sealing settlement agreements that are approved by the court, once the matter is brought to the court for resolution, it is a public matter. It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties.") (citations omitted).

Absent a compelling reason, which the parties have not provided, sealing the settlement agreement from public scrutiny would "'thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker*, 293 F. Supp. 2d at 1264 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)). The Court will deny the motion to file the settlement agreement under seal. *See id.* at 1264-65 (ordering settlement agreement to be unsealed where the parties did not present a compelling reason to overcome the strong presumption of openness); *Prater*, 2008 WL 5140045, at *10 (denying motion to seal settlement agreement where the parties did not present an "extraordinary" reason); *Yaklin v. W-H Energy Servs., Inc.*, No. C-07-422, 2008 WL 4951718, at *1 (S.D. Tex. Nov. 17, 2008) (same); *see also Idaho Bus. Holdings, LLC v. City of Tempe*, No. CV-06-2137-PHX-FJM, 2007 WL 2390889, at *2 (D. Ariz. Aug. 22, 2007) (denying joint motion to seal settlement agreement for failure to meet *Kamakana*'s compelling reasons standard).

**II. Motion to Approve Settlement and Dismiss Claims.**

The FLSA provides that an employee shall receive overtime wages "at a rate not less than one and one-half times the regular rate at which [she] is employed." 29 U.S.C. § 207(a)(1). The FLSA further provides that any employer who violates the overtime wage provision shall be liable to the affected employee in the amount of unpaid overtime wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Prater*, 2008 WL 5140045, at *2 (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The court "may approve a settlement if it reflects a 'reasonable compromise over issues.'" *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1

(D. Ariz. Nov. 13, 2007) (quoting *Lynn's*, 679 F.2d at 1354).

The Court has reviewed the proposed settlement agreement (Dkt. #23) and finds that it reflects a fair and reasonable resolution of issues. Defendant has strongly contested liability under the FLSA. There are genuine disputes as to whether Plaintiffs worked overtime and whether they were exempt employees. The settlement payments directly relate to each Plaintiff's length of employment and hourly wage. The settlement agreement does not appear to be a product of collusion between the parties, nor does it appear to be the result of fraud or overreaching on the part of Defendant. The Court concludes that the proposed settlement should be approved "as a fair and reasonable compromise of a bona fide dispute under the FLSA." *Prater*, 2008 WL 5140045, at *2; *see Hand*, 2007 WL 3383601, at *1.

### III. Leave to Withdraw from or File an Unsealed Settlement Agreement.

Because confidentiality is an integral part of the parties' overall settlement (Dkt. #22 at 2), and because the Court will deny the motion to file the settlement agreement under seal, the parties shall have the option of withdrawing from the settlement agreement or moving forward with it and making it part of the public record. If the parties wish to withdraw from the settlement agreement and proceed with the case, they shall file a notice to that effect by October 23, 2009. If the parties decide to proceed with the proposed settlement, they shall, by October 23, 2009, file an unsealed settlement agreement (*see* Dkt. #23) and a separate notice requesting that the Court grant the motion to approve settlement and dismiss claims with prejudice (Dkt. #21).

**IT IS ORDERED:**

1. The joint motion to permit filing of settlement agreement under seal (Dkt. #22) is **denied**.

2. The parties shall have until **October 23, 2009** to file (i) a notice of withdrawal from settlement and intent to proceed with case, or (ii) an unsealed settlement agreement (*see* Dkt. #23) and a separate notice requesting that the Court grant the motion to approve settlement and dismiss claims with prejudice (Dkt. #21).

3. The joint motion to approve settlement and dismiss claims with prejudice

(Dkt. #21) is **taken under advisement** pending further notice from the parties.

DATED this 7th day of October, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge